NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

NO. 29846

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LYLE SHAWN BENSON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CRIMINAL NO. 07-1-0456(3))

SUMMARY DISPOSITION ORDER
(By: Fujise and Reifurth, JJ.; and
Nakamura, C.J., dissenting)

Defendant-Appellant Lyle Shawn Benson (Benson) appeals from the April 14, 2009 Judgment, entered in the Circuit Court of the Second Circuit (circuit court),[1/] finding him guilty of Assault Against a Law Enforcement Officer in the First Degree in violation of Hawaii Revised Statutes (HRS) § 707-712.5 (Supp. 2009), and sentencing him to one year of imprisonment and five years of probation.

On appeal, Benson contends that the circuit court erred by (1) failing to give the jury a self-defense instruction, (2) denying his motion in limine to introduce evidence of an arresting officer's disciplinary record, (3) denying his motion for a mistrial, (4) excluding certain other evidence, and (5) overruling objections to improper comments by the prosecutor during closing argument. Benson further contends that he was deprived of the effective assistance of counsel in violation of the Sixth Amendment to the U.S. Constitution and article I, § 14 of the Hawai'i Constitution.

For the reasons discussed below, we agree that the Prosecutor's comments in closing argument amounted to impermissible bolstering and, hence, prosecutorial misconduct; that the State's case hinged on the credibility of its witnesses;

---

[1/]    The Honorable Joseph E. Cardoza presided.

and that we cannot, therefore, conclude that the error was harmless beyond a reasonable doubt. Consequently, we vacate the judgment and remand the case to the circuit court.

## I. PROSECUTORIAL MISCONDUCT IN THIS CASE REQUIRES THAT THE JUDGMENT BE VACATED AND THE CASE REMANDED

During closing argument, to rebut defense counsel's claim that Maui Police Department (MPD) officers lied during their testimonies, the Prosecutor stated:

> [Prosecutor]: Your common sense and reason you can use. You know what's happening when things are going fast like that. You know from what the officers themselves testified to.

> These officers, what they want you to believe, is four officers got together and decided, you know, with their careers they're going to make something up over one more obnoxious defendant they have to deal with.

> [Defense Counsel]: Your Honor, I'm going to object, that's improper argument. With regard to their careers --

> [Prosecutor]: No, he's putting in the credibility --

> THE COURT: Part of it appears to be proper argument, and part of inappropriate. So I'll sustain the objection. And you may rephrase your argument.

> [Prosecutor]: What he wants you to believe is that these officers are lying, they're going to jeopardize their career --

> [Defense Counsel]: Your Honor, I'm going to object. That's exactly --

> THE COURT: The objection is overruled.

> [Prosecutor]: They're going to jeopardize their career over some guy they just met. Common sense and reason they deal with obnoxious guys every day and they're going to jeopardize their career on that defendant on that day. Four separate officers. You believe this guy, you can't believe this guy.

The Hawaiʻi Supreme Court has stated that "whenever a defendant alleges prosecutorial misconduct, this court must decide: (1) whether the conduct was improper; (2) if the conduct was improper, whether the misconduct was harmless beyond a reasonable doubt; and (3) if the misconduct was not harmless, whether the misconduct was so egregious as to bar reprosecution." *State v. Maluia*, 107 Hawaiʻi 20, 26, 108 P.3d 974, 980 (2005).

1.    **The Prosecutor's Remarks Were, On Balance, Improper**

During closing argument, a prosecutor "is permitted to draw reasonable inferences from the evidence and wide latitude is allowed in discussing the evidence." *State v. Carvalho*, 106 Hawaiʻi 13, 18, 100 P.3d 607, 612 (App. 2004). Prosecutors, however, must refrain from expressing their personal views as to the credibility of witnesses. *State v. Sanchez*, 82 Hawaiʻi 517, 534, 923 P.2d 934, 951 (App. 1996); ABA STANDARDS FOR CRIMINAL JUSTICE 3-5.8 (3d ed. 1993); see *United States v. Young*, 470 U.S. 1, 18-19 (1985) ("The prosecutor's vouching for the credibility of witnesses . . . carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.").

The reason for the rule is that "expressions of personal opinion by the prosecutor are a form of unsworn, unchecked testimony and tend to exploit the influence of the prosecutor's office and undermine the objective detachment that should separate a lawyer from the cause being argued." *State v. Marsh*, 68 Haw. 659, 660-61, 728 P.2d 1301, 1302 (1986) (internal quotation marks and brackets omitted) (citing ABA STANDARDS FOR CRIMINAL JUSTICE 3.89 cmt.).

By expressing incredulity at the prospect of the police officers giving false testimony, the Prosecutor's comments here bolstered the officers' testimony. In *State v. Suan*, 121 Hawaiʻi 169, 214 P.3d 1159 (App. 2009), this court held in a similar situation that it was improper for the prosecutor to argue during closing argument that "these officers have integrity and . . . their testimony really is a testament to the fact that the system does work because . . . they could have come in here, no reports, told you anything, but they didn't[.]" *Id.* at 174, 214 P.3d at 1164 (internal quotation marks and brackets omitted). As in *Suan*, the Prosecutor's comment on the credibility of the officers' testimony here had no relation to any evidence

presented to the jury and was, therefore, improper.

The State contends that the Prosecutor's comments were not improper because "they were not expressions of personal opinions." In support, the State relies extensively on the case of *State v. Nakoa*, 72 Haw. 360, 817 P.2d 1060 (1991). *Nakoa*, however, does not stand for the proposition for which the State offers it.

In *Nakoa*, the court addressed the prosecutorial misconduct test's first prong (whether the conduct was improper) and noted that "[w]e have held that prosecutors are bound to refrain from expressing their personal views as to . . . the credibility of witnesses." 72 Haw. at 371, 817 P.2d at 1066. Thereafter, the court addressed the test's second prong (whether, although improper, the Prosecutor's comments were harmless beyond a reasonable doubt), and concluded that, in sum, including the fact that Nakoa's counsel had offered no objection at trial to the prosecutor's comments, the prosecutor's comments were harmless beyond a reasonable doubt. *Id.* Insofar as *Nakoa* helps determine whether the Prosecutor's comments here were proper or improper, however, it stands squarely for the proposition that they were improper because they reflected the Prosecutor's personal views as to the credibility of the witnesses.

It is widely recognized that a prosecutor may not argue that a witness is more credible because of his or her status as a police officer. *E.g.*, *Suan*, 121 Hawai'i at 174-75, 214 P.3d at 1164-65. Whether police officers put their careers in jeopardy if they testify falsely was not an issue in the instant trial, and no evidence was introduced on the question. As a result, such a reference is generally inappropriate as part of closing argument. *See United States v. Weatherspoon*, 410 F.3d 1142, 1146 (9th Cir. 2005) (prosecutor's statement that police officer witness had no reason to lie was improper); *United States v. Cornett*, 232 F.3d 570, 575 (7th Cir. 2000) (prosecutor acted improperly by stating that police officers "take an oath to

follow the law" because the comment constituted vouching for the witnesses' good faith); *United States v. Gallardo-Trapero*, 185 F.3d 307, 319 (5th Cir. 1999) (prosecutor's statement during closing argument asking, "[d]o you think that agents for the federal government and a prosecutor for the federal government, for the United States . . ., are going to risk their career" by committing perjury was improper); *Davis v. State*, 663 So. 2d 1379, 1382 (Fla. Dist. Ct. App. 1995) (prosecutor "asking the jury to believe a police officer over an ordinary citizen because police officers place their careers in jeopardy by not telling the truth[,]" is improper bolstering); *State v. Staples*, 623 A.2d 791, 793 (N.J. Super. Ct. App. Div. 1993) (reversal required when prosecutor told jury that officer witness "would not put his career and everything that comes with that on the line by coming in here and testifying falsely[,]" and intimating that another officer witness's pension benefits, accumulated over twelve years, would be jeopardized); *People v. Clark*, 542 N.E.2d 138, 142 (Ill. App. Ct. 1989) (prosecutor's comments suggesting that police officers would not give up their pensions and put their families' security in jeopardy by perjuring themselves were improper).

The State is correct that the Prosecutor's comments did not misstate the law, shift the burden of proof, or contrive to stimulate racial prejudice. The State is incorrect in suggesting, however, that we require multiple instances of improper conduct in closing argument before we will find misconduct. The number of improper conduct incidents informs our analysis under the harmless error prong of the test, but it has little bearing on our initial determination of propriety. *See Maluia*, 107 Hawaiʻi at 24-25, 108 P.3d at 978-79 (single incident of prosecutor asking defense witness to comment on prosecution witnesses' veracity is improper); *State v. Senteno*, 69 Haw. 363, 366-67, 742 P.2d 369, 372 (1987) (single incident of improper argument during closing was improper, but ultimately harmless);

*cf. Nakoa*, 72 Haw. at 371, 817 P.2d at 1066 (single incident of alleged misconduct was harmless beyond a reasonable doubt).

Although the comments in the instant case were not an explicit statement of the Prosecutor's belief in the veracity of the police officer witnesses, the Prosecutor nevertheless attempted to persuade the jury that the officers' testimony should be believed simply because they were police officers. In addition, the argument made reference to matters outside the record and, consequently, constituted impermissible bolstering of the officers' testimony. As such, the Prosecutor's comments were improper.

2. **The Prosecutor's Remarks Were Not Harmless Beyond A Reasonable Doubt Because The State's Case Rested Almost Exclusively On The Credibility Of The Officer Witnesses**

"[F]inding that the prosecutor's comments were improper does not end the inquiry." *Marsh*, 68 Haw. at 661, 728 P.2d at 1302. Prosecutorial misconduct "may form the basis for setting aside a jury verdict," but only when the prosecutor's actions deprive the defendant of a fair and impartial trial. *State v. Churchill*, 4 Haw. App. 276, 285, 664 P.2d 757, 763-64 (1983).

To determine if prosecutorial misconduct was harmless beyond a reasonable doubt, we look at "the nature of the alleged misconduct, the promptness or lack of a curative instruction, and the strength or weakness of the evidence against defendant." *State v. Agrabante*, 73 Haw. 179, 198, 830 P.2d 492, 502 (1992). The State argues that, even if improper, the comments were harmless beyond a reasonable doubt because of their isolated nature, the weight of the evidence in support of a conviction, and the circuit court's subsequent instruction to the jury.

a. **Nature of alleged misconduct**

The Prosecutor's improper conduct bolstered the police officers' testimonies with reference to matters outside the evidentiary record. As such, the Prosecutor implicitly stated her personal opinion regarding the credibility of the MPD

6

officers.

As noted above, a prosecutor may draw any reasonable inference from the evidence presented in trial. *Carvalho*, 106 Hawai'i at 18, 100 P.3d at 612. Here, although the Prosecutor's comments regarding the credibility of the police officers were stated in a general manner, because there was no evidence - nor should there have been - regarding the officers' careers, it was a comment based upon personal beliefs. *See Suan*, 121 Hawai'i at 174-75, 214 P.3d at 1164-65 ("Although the Prosecutor did not explicitly refer to herself, her statement nevertheless expressed her personal view of the officers' credibility.").

Moreover, the prejudicial impact of the Prosecutor's statements was exacerbated by the fact that the State's case relied almost exclusively on the testimony of the police officers. *See Marsh*, 68 Haw. at 661, 728 P.2d at 1302-03 (finding that the defendant was substantially prejudiced by the prosecutor's statements during closing argument, in part, because "[t]he jury had to decide whether to believe the victim or the alibi witnesses"); *cf. Nakoa*, 72 Haw. at 371, 817 P.2d at 1066 (stating that, rather than personal statements, "[t]he prosecutor's remarks in this case, when taken in context, requested that the jurors rely on their own observations, common sense, knowledge of human behavior, and experiences when judging the credibility of the two officers"). Benson denied hitting MPD Officer Michael Hale (the act constituting the assault for which Benson was charged), while MPD officers testified to the contrary. Thus, the jury's determination was predicated almost entirely on believing the MPD officers, and not believing Benson.

### b. Promptness or lack of a curative instruction

The circuit court did not provide, nor was it requested to give, a post-closing curative instruction. Although the record shows that the circuit court instructed the jury prior to closing that the attorneys' arguments were not evidence, such an instruction was insufficient to cure the prejudicial impact of

the Prosecutor's statement that the police officers were more believable than Benson because they would not put their careers in jeopardy for "one obnoxious guy."

The State argues that the circuit court's instruction that attorneys' comments are not evidence cured any prejudice caused by the Prosecutor's statement. The State cites to *Carvalho*, 106 Hawai'i at 17, 100 P.3d at 611 in support of this point. *Carvalho*, however, does not support the proposition that the instruction cures improper conduct. Rather, the conduct in *Carvalho* was deemed to not be improper in the first place. *Id.* In this case, however, we have already determined that the conduct was improper.

Prior to closing argument, the circuit court offered, among other instructions, the following to the jury:

> Instruction Number 3. You must consider only the evidence which has been presented to you in this case and such inferences therefrom as may be justified by reason and common sense.
>
> . . . .
>
> Statements or remarks made by counsel are not evidence. You should consider their arguments to you, but you are not bound by their recollections or interpretations of the evidence.
>
> . . . .
>
> Instruction Number 7. It is your exclusive right to determine whether and to what extent a witness should be believed and to give weight to his or her testimony accordingly.
>
> In evaluating the weight and credibility of a witness' testimony you may consider the witness' appearance and demeanor; . . . the probability or improbability of the witness' testimony; . . . and all other circumstances surrounding the witnesses and bearing upon his or her credibility.

While allowing the Prosecutor a moment to prepare for closing argument, the circuit court reiterated one of the instructions:

> Ladies and gentlemen, while [the Prosecutor] is setting up, I would ask that during the closing arguments, the parties' statements and remarks by counsel, you should consider their arguments to you, but you are not bound by their recollections or interpretations of the evidence.

The circuit court's instructions were provided before the Prosecutor made her closing remarks, were not addressed specifically to those remarks, and did not clearly direct the jury to disregard the specific remarks regarding the likelihood of the officers' willingness to "jeopardize their career[s]" over "one more obnoxious defendant."

### c.    Strength or weakness of the evidence

As discussed above, the State's case relied on the testimony of the MPD officers, each of whom had a slightly different account of what exactly happened during the altercation.  Benson, on the other hand, denied hitting Officer Hale and had an entirely different version of the altercation.  Thus, the State's case relied on the very officers that the Prosecutor intimated were unlikely to lie because to do so would jeopardize their careers.

Moreover, when faced with similar factual scenarios, many jurisdictions have held that such comments deprive a defendant of his or her right to a fair trial.  *See People v. Gorosteata*, 870 N.E.2d 936 (Ill. App. Ct. 2007); *Williams v. State* 747 So.2d 474, 475 (Fla. Dist. Ct. App. 1999).  Perhaps the most analogous case is *Davis*, 663 So.2d 1379.

In *Davis*, similar to this case, the prosecutor stated, "[t]he Judge is also going to tell you that you have the right to determine or to evaluate somebody's testimony by what they have to gain from it.  Let's think about that right now.  What does [sic] Officer Hadden and Officer Kahir have to gain by putting their careers in jeopardy, taking the stand and perjuring themselves?"  *Id.* at 1380 (emphasis omitted).  Defense counsel then objected and moved for a mistrial, which the trial court denied.  *Id.*

In discussing the impropriety of the prosecutor's remarks the court stated:

> The essence of the impropriety is that the state is asking the jury to believe a police officer over an ordinary citizen because police officers place their careers in jeopardy by not telling the truth. The credibility of police

officer witnesses cannot be bolstered by arguing that they
would put their careers in jeopardy by lying.

*Id.* at 1382. The court in *Davis* then held that the improper
comment was not harmless beyond a reasonable doubt. *Id.*; *see*
*Gorosteata*, 870 N.E.2d 936; *Williams*, 747 So.2d at 475.

### d. On balance, the prosecutor's comments are not harmless beyond a reasonable doubt.

Ultimately, in determining whether the Prosecutor's
comments were harmless beyond a reasonable doubt, we find the
context of this case to be most similar to that of *Marsh*, 68 Haw.
659, 728 P.2d 1301. In *Marsh*, as here:

> The pivotal issue was the credibility of the witnesses. The
> jury had to decide whether to believe the victim or the
> alibi witnesses. We cannot conclude beyond a reasonable
> doubt that the prosecutor's remarks had little likelihood of
> influencing this critical choice.
>
> We cannot accept the State's argument that the
> prejudicial impact of the remarks was rendered harmless by
> the trial court's instructions to the jury. The effect of
> the prosecutor's prejudicial conduct here overcomes the
> presumption that the court's instructions to the jury
> rendered it harmless. The trial court instructed the jurors
> several times that the arguments of counsel are not
> evidence. However, the court was not requested to and did
> not issue a specific instruction concerning the prosecutor's
> closing comments.

*Id.* at 661, 728 P.2d at 1302-03 (citations omitted). Here, too,
the pivotal issue was the credibility of the witnesses, and the
court instructed the jurors several times that the arguments of
counsel were not evidence, but did not issue a specific
instruction concerning the Prosecutor's closing comments. As a
result, we cannot conclude that the Prosecutor's comments were
harmless beyond a reasonable doubt.

### 3. The Prosecutor's Conduct Does Not Bar Re-prosecution

Benson does not argue that the Prosecutor's comments
were so egregious that they should bar subsequent prosecution;
nor do we conclude that they do.

## II.  CONCLUSION

None of the other identified points of error are meritorious.  As Benson's right to a fair trial was violated by the Prosecutor's statements during closing argument, however, his conviction and the April 14, 2009 Judgment must be vacated and the case remanded for a new trial.

DATED:  Honolulu, Hawai'i, June 30, 2010.


On the briefs:

Karen T. Nakasone,
Deputy Public Defender,
for Defendant-Appellant.

Associate Judge

Associate Judge

Pamela I. Lundquist,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

11